IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


JENNIFER B. CAMPBELL                              :

     v.                                        :          CIVIL NO. RDB 06-489

MARYLAND GENERAL HOSPITAL,          :
INC.

                                       :

MEMORANDUM OPINION

      This matter arises out of a complaint filed by Plaintiff Jennifer B. Campbell ("Plaintiff")

against Defendant Maryland General Hospital, Inc., ("Defendant" or the "Hospital").  The

complaint was originally filed in the Circuit Court for Baltimore City, Maryland, and seeks

recovery for breach of an employment contract, essentially on the Defendant's alleged failure to

honor its obligation under an executive severance and incentive plan.  The complaint also alleges

a violation of Maryland's Wage Payment and Collection law.  Currently pending before this

Court is the Plaintiff's Motion to Remand this case to the Circuit Court for Baltimore City.  The

issues have been fully briefed and no hearing is necessary.  Local Rule 105.6 (D. Md. 2004).

For the reasons stated below, Plaintiff's Motion is GRANTED.

BACKGROUND

      On December 28, 2005, Jennifer Campbell filed a two-count complaint against the

Hospital in the Circuit Court for Baltimore City, Maryland.  Count One asserted a breach of

contract claim arising out of Campbell's employment and subsequent termination as the

Hospital's Vice President of Business and Community Development.  In her complaint, she

specifically referenced an executive incentive and executive severance plan.  She made no

claims or references with respect to the Employee Retirement Income Security Act ("ERISA"),

29 U.S.C. §§ 1001, *et seq*.  A second count alleged a specific violation of Maryland's Wage

Payment and Collection law, MD. ANN. CODE, Labor & Employ. ART. § 3-501.

On February 23, 2006, the Hospital filed a notice of removal asserting as the sole basis

for this Court's jurisdiction the existence of a federal question, specifically contending that the

Plaintiff's claims for benefits were under a plan covered by ERISA.  Campbell filed the subject

Motion to Remand and specifically noted that it is undisputed that she was never designated for

enrollment in the ERISA severance plan.  Campbell reiterated that she is not making an ERISA

claim.  The Hospital essentially contends that there is still a potentially viable claim and,

alternatively, argues that this Court should exercise its supplemental jurisdiction pursuant to 28

U.S.C.  § 1367(a).

## STANDARD OF REVIEW

With respect to the standard for removal jurisdiction, "[t]he burden of demonstrating

jurisdiction resides with 'the party seeking removal.'"  *Sonoco Products Co., v. Physicians*

*Health Plan, Inc*., 338 F.3d 366, 370 (4th Cir. 2003) (quoting *Mulcahey v. Columbia Organic*

*Chem. Co., Inc*., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction raises "significant

federalism concerns" and therefore must be strictly construed.  *Dixon v. Coburg Dairy, Inc*., 369

F.2d 811, 816 (4th Cir. 2004) (en banc) (quoting  *Mulcahey*, 29 F.2d at 151).  This strict policy

narrowly interpreting removal jurisdiction protects the sovereignty of state judicial power.

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

## DISCUSSION

The precise question before this Court is whether it has federal removal jurisdiction over

Plaintiff's state law claims based solely on the Defendant's assertion of ERISA preemption even

2

though Plaintiff has disavowed any ERISA claim.  The Hospital has made reference to the

Supreme 'Court's opinion in *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004) and this Court's

companion opinions in *Johns Hopkins Hospital v. Care First of Maryland*, 327 F. Supp. 2d 577

(D. Md. 2004) and *Peninsula Regional Medical Center v. Mid-Atlantic Medical Center,* 327 F.

Supp. 2d 572 (D. Md. 2004) seeking to implement the principles of *Davila*.  The application of

these principles requires the remand of this case  to  state court.

　　　The gravamen of the Defendant's argument in support of removal and in opposition to

remand is that there are ERISA issues inherent in claims involving severance benefits.  This

contention presents an overly expansive view of federal preemption.  Defendant's argument runs

counter to principles set forth by the Fourth Circuit in *Sonoco Products Co.v. Physicians Health

Plan, Inc.*, 338 F.3d 366 (4th Cir. 2003) and by the Supreme Court's decision in *Aetna v.

Davila*, 542 U.S. 200 (2004).

　　　Initially, federal question jurisdiction exists when the complaint raises issues of federal

law.  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  Specifically, there may be

federal jurisdiction over state law claims under the doctrine of "complete preemption" where

"federal law so completely sweeps away state law" that the action essentially becomes a federal

action.  *King v. Marriott Int'l. Inc.*, 337 F.3d 421, 425 (4th Cir. 2003).  Accordingly, federal

removal jurisdiction exists only if a state claim is converted into a federal claim by the doctrine

of complete preemption.  *Miller v. U. S. Food Service, Inc.*, 323 F. Supp. 2d 665, 667 (D. Md.

2004).

　　　In specifically addressing the matter of removal on the basis of an alleged ERISA claim,

the Fourth Circuit has emphasized the distinction between "ordinary preemption" and  "complete

preemption." *Sonoco Products Co.*, 338 F.3d at 370.  As this Court stated in *Johns Hopkins Hospital v. Care First of Maryland*, 327 F. Supp. 2d 577 (D. Md. 2004) and *Peninsula Regional Medical Center v. Mid-Atlantic Medical Center,* 327 F. Supp. 2d 572 (D. Md. 2004), the Fourth Circuit in *Sonoco Products Co.*, 338 F.3d at 371 notes the importance of this distinction. "Ordinary preemption" may be asserted as a federal defense in a state cause of action, but it does not give rise to federal removal jurisdiction.  *See Sonoco Products Co.*, 338 F.3d at 371. "Complete preemption" will apply if Congress has clearly intended to "exclusively govern" an area implicated by state law.  *See King*, 337 F.3d at 425.

   In *Sonoco Products Co.*, the Fourth Circuit established three elements all of which must be satisfied to establish complete preemption: "(1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must fall . . . within the scope of an ERISA provision that it can enforce *via* § 502(a); and the claim must not be capable of resolution without an interpretation of the contract governed by federal law, *i.e.* an ERISA-governed Employee Benefit Plan." *Sonoco Products Co.*, 338 F.3d at 372 (internal citation and quotation omitted).[1]

   It is clear that in this case the third element is not satisfied.[2]  Plaintiff has asserted a state cause of action, which specifically does not even mention ERISA.  Furthermore, she was never designated for enrollment in the ERISA severance plan.  A state court may evaluate Plaintiff's breach of contract claim and claim under Maryland's Wage Payment and Collection Law without any reference to or interpretation of an ERISA plan.  Accordingly, this Court finds that

---

   [1] *See Shilling v. Northwestern Mutual Life Ins. Co.*, 2005 WL 1074373, *3 (D. Md. 2005).

   [2] This Court need not address the first two elements.

ERISA does not completely present Plaintiff's claims and there is no federal question jurisdiction.

Alternatively, Defendant urged this Court to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  In exercising its discretion, this Court considered factors of judicial economy, convenience, fairness and comity.  *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988).  In the exercise of that discretion, this Court declines to exercise supplemental jurisdiction.  Plaintiff has in no way sought to assert a federal claim.  No discovery has been conducted.  Defendant is located in the City of Baltimore.  Considerations of comity more than justify the remand of this case.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Remand this case to the Circuit Court for Baltimore City is GRANTED.  This Court will issue a separate Order consistent with this Opinion.

Dated: May 9, 2006                                        <u>/s/_____</u>
                                                         Richard D. Bennett
                                                         United States District Judge